818 F.2d 861
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Claude F. BLOODGOOD, III, Plaintiff-Appellant,
v.
A.R. SIELAFF, individually and as former Director Virginia
Department of Corrections; Edward Murray, individually and
as former Acting Director, individually and as former
Director, and all agents and successors thereof, Virginia
Department of Corrections; Robert W. Fry, individually and
as Chief Physician, Virginia Department of Corrections;
W.P. Rogers individually and as Warden, and all agents and
successors thereof, Mark R. Davis, individually and as
Assistant Attorney General of the Office of Attorney General
of Virginia, Defendants-Appellees.
 No. 86-7407.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 30, 1987.
Decided May 8, 1987.
 
 Before RUSSELL, PHILLIPS and WILKINS, Circuit Judges.
 
 
 1
 Claude F. Bloodgood, III, appellant pro se.
 
 
 2
 Mary Sue Terry, Attorney General, for appellees.
 
 PER CURlAM:
 
 3
 Claude F. Bloodgood, III, a Virginia inmate, seeks to appeal from the district court's dismissal without prejudice of his civil rights complaint.
 
 
 4
 Bloodgood instituted this action alleging violations of his constitutional rights. At the court's request, the Virginia Department of Corrections furnished a record of Bloodgood's inmate trust fund. Pursuant to Evans v. Croom, 650 F.2d 521 (4th Cir. 1981), cert. denied, 454 U.S. 1153 (1982), the court ordered Bloodgood to pay a partial filing fee of $3.79 or present any special circumstances which would justify a different payment.
 
 
 5
 Bloodgood filed objections to the payment of the partial filing fee. He asserted that he had spent monies in his trust fund account on necessary personal hygiene items and therefore had no funds remaining in his account. The district court overruled Bloodgood's objections and directed him to pay a partial filing fee within 20 days of the order's date. When Bloodgood failed to remit the fee, the district court dismissed the action without prejudice.
 
 
 6
 On appeal, Bloodgood asserts that the district court ordered payment of a partial filing fee in the mistaken belief that Bloodgood had a monthly income. A review of the record shows, however, that the district court based its fee not on any evaluation of Bloodgood's income, but on the amount of funds deposited in his trust fund account.
 
 
 7
 As the fee assessment procedures followed by the district court comported with the system approved in Evans v. Croom, we deny leave to proceed on appeal in forma pauperis and dismiss the appeal. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 8
 DISMISSED.